B1 (Official Form 1)(04/13)

| United States Bankruptcy Court<br>Southern District of Ohio | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Blair, Karen Sue** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**xxx-xx-4358** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**8855 Leist Road**<br>**Stoutsville, OH**<br><div align="right">ZIP Code<br>**43154**</div> | Street Address of Joint Debtor (No. and Street, City, and State):<br><div align="right">ZIP Code</div> |
| County of Residence or of the Principal Place of Business:<br>**Fairfield** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><div align="right">ZIP Code</div> | Mailing Address of Joint Debtor (if different from street address):<br><div align="right">ZIP Code</div> |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Type of Debtor**
(Form of Organization) (Check one box)
- ■ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Nature of Business**
(Check one box)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Tax-Exempt Entity**
(Check box, if applicable)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- ■ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)
- ■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☐ Debts are primarily business debts.

**Filing Fee** (Check one box)
- ■ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |

Estimated Assets

| ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

B1 (Official Form 1)(04/13)                                                                                               Page 2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Blair, Karen Sue** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:  **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| | (To be completed if debtor is an individual whose debts are primarily consumer debts.) |
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | **X  /s/ Leann R. Deeter**                                    **March  7, 2014** <br> Signature of Attorney for Debtor(s)                    (Date)<br> **Leann R. Deeter 0019910** |

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety? |
| ☐ Yes, and Exhibit C is attached and made a part of this petition. |
| ■ No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.) |
| ■ Exhibit D completed and signed by the debtor is attached and made a part of this petition. |
| If this is a joint petition: |
| ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue** |
|---|
| (Check any applicable box) |
| ■    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |
| ☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property** |
|---|
| (Check all applicable boxes) |
| ☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.) |
| _____<br>(Name of landlord that obtained judgment) |
| _____<br>(Address of landlord) |
| ☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ☐    Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |
| ☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

B1 (Official Form 1)(04/13)  Page 3

## Voluntary Petition

*(This page must be completed and filed in every case)*

**Name of Debtor(s):**
**Blair, Karen Sue**

### Signatures

#### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Karen Sue Blair**
Signature of Debtor  **Karen Sue Blair**

X _____
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

**March  7, 2014**
Date

#### Signature of Attorney*

X **/s/ Leann R. Deeter**
Signature of Attorney for Debtor(s)

**Leann R. Deeter 0019910**
Printed Name of Attorney for Debtor(s)

**Raina D. Cornell & Associates**
Firm Name

**329 East Main Street**
**Lancaster, OH 43130**

_____
Address

**Email: bankr.cornelllaw@sbcglobal.net**
**1- 740-653-4000  Fax: 1-740-653-4118**
Telephone Number

**March  7, 2014**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

#### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

#### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

#### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Southern District of Ohio

In re    __Karen Sue Blair__ _____    Case No. _____

                                         Debtor(s)        Chapter    __7__ _____

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                    Page 2

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or
mental deficiency so as to be incapable of realizing and making rational decisions with respect to
financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being
unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or
through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling
requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    **/s/ Karen Sue Blair**
                        **Karen Sue Blair**

Date:    **March  7, 2014**

B 6 Summary (Official Form 6 - Summary) (12/13)

.

# United States Bankruptcy Court
## Southern District of Ohio

In re    **Karen Sue Blair**                                   ,      Case No. _____

                                       Debtor

Chapter _____ **7** _____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 9 | 60,530.00 | | |
| B - Personal Property | Yes | 4 | 7,085.23 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 4 | | 59,650.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | 20,889.40 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 2 | | | 1,838.68 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 1,838.00 |
| Total Number of Sheets of ALL Schedules | | 27 | | | |
| Total Assets | | | 67,615.23 | | |
| Total Liabilities | | | | 80,539.40 | |

B 6 Summary (Official Form 6 - Summary) (12/13)

.

# United States Bankruptcy Court
### Southern District of Ohio

In re   **Karen Sue Blair**

_____,
Debtor

Case No. _____

Chapter _____**7**_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 12) | 1,838.68 |
| Average Expenses (from Schedule J, Line 22) | 1,838.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 2,028.39 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 15,110.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 20,889.40 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 35,999.40 |

B6A (Official Form 6A) (12/07)

.

In re   **Karen Sue Blair**                                                    ,   Case No. _____
                                        Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Real Estate and residence known as 8855 Liest Road, Stoutsville, Ohio 43154. Parcel Nos. 012-01039-00 & 012-01040-00. A copy of the Deed and legal description are attached to this Petition. Value based on Auditors value.** | **Fee simple** | - | 16,640.00 | 0.00 |
| **Real Estate located at 852 Lunbeck Road, Chillicothe, Ohio 45601. A copy of the Deed and legal description are attached to this Petition. Value based on Auditors value.** | **Fee simple** | - | 43,890.00 | 59,000.00 |

|  | Sub-Total > | 60,530.00 | (Total of this page) |
|---|---|---|---|
|  | Total > | 60,530.00 |  |

__0__   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

BK: 411 PG: 86

201100004900
Filed for Record in
ROSS COUNTY, OH
KATHY DUNN, RECORDER
07-08-2011 At 01:49 pm.
AFFID 40.00
OR Volume 411 Page 86 - 88
OR Volume 411 Page 88

Official Records Vol. 193 Pg. 63

NO TRANSFER
NECESSARY

JUL 08 2011

AUDITOR ROSS COUNTY, OHIO

This Conveyance has been examined and
the Grantor has complied with Section
319.202 of the Revised Code.

Fees $ Exempt
Exempt_N

Stephen A. Neal, County Auditor

DESCRIPTIONS IDENTIFIED FOR TAX MAP
TRANSFER ONLY ROSS CO. ENGINEER

BY

# AFFIDAVIT OF TRANSFER

STATE OF OHIO,
COUNTY OF PICKAWAY, SS:

Karen S. Blair, being first duly cautioned and sworn, hereby states that Joseph E. Blair, died on May 10, 2011, a resident of Fairfield County, Ohio, as shown by the Certified Copy of the Certificate of Death attached hereto; that Joseph E. Blair, at the time of his death, was the owner of certain real estate hereinafter described, by virtue of a Survivorship Deed dated October 31, 2001 and recorded on November 2, 2001 at 1:30 P.M. with the Ross County Recorder's Office, the same being of record in Official Record Volume 193, Page 63 of the Ross County Recorder's Office; that this deed conveyed to Joseph E. Blair and Karen S. Blair, husband and wife, jointly, for and during the term of their natural lives, remainder to the survivor of them, the following described real estate, to wit:

Situated in the County of Ross, State of Ohio and the Township of Scioto and bounded and described as follows:

First Tract:    Beginning at an iron pin, marker for the corner of the herein described 1.12 acres of land, said iron pipe being S. 11 deg. 30' W. 100 feet from a stone in the east edge of the traveled Lunbeck Hill Road and being at the Northeast corner of the 74 acre and 174 pole tract of land of which this is a part; thence S. 44 deg. 30' W. 327.6 feet to an iron pin near the center of said road; thence N. 51 deg. 30' W. 132 feet to an iron pin; thence N. 39 deg. E. 332.5 feet to an iron pin at the Northwest corner of the 1.12 acres parcel of land; thence S. 39 deg. E. 166 feet to the place of beginning, containing 1.12 acres of land, more or less, being a part of Survey No. 235, Scioto Township, Ross County, Ohio.

Second Tract:    Beginning at an iron pin in the Southeast corner of a tract of 1.12 acres sold and conveyed by grantors to grantees by deed dated May 29, 1937, recorded in Volume 227, Page 306, Ross County Ohio Deed Records; thence South along the center of the Lunbeck Hill Road a distance of ten feet; thence West and parallel with the South line of the tract heretofore conveyed to the West line extended of said heretofore conveyed tract; thence North a distance of ten feet to the Southwest corner of said heretofore conveyed tract; thence East along the South line of said heretofore conveyed tract to the place of beginning.  Being a ten foot strip immediately South of the South line of said heretofore conveyed tract, being 3/100 acre, more or less.

Last Deed Reference: Official Record Volume 193, Page 63 of the Ross County Recorder's Office.

Auditor's Permanent Parcel No.: 24-16-11379-000
Tax Bill and Property Address: 852 Lunbeck Road, Chillicothe, Ohio 45601

This Affidavit is made and recorded pursuant to Ohio Revised Code §5302.17 for the purpose of transferring the interest of Joseph E. Blair in the above described real estate to Karen S. Blair, the sole survivor and owner of the entire fee simple title to the above described real estate, whose tax billing address is 852 Lunbeck Road, Chillicothe, Ohio 45601.  This affidavit shall also be for the purpose of obtaining a

2001-144453 -1008

16-11-379

Requested By: ... 03/05/2014

**BK: 411 PG: 87**

transfer by the Auditor of Ross County, Ohio on the tax duplicate as provided by §319.20 of the Ohio Revised Code.

_Karen S. Blair_
KAREN S. BLAIR

Be it remembered on this 1st day of June, 2011, before me, the subscriber, a Notary Public in and for said County and State, personally came Karen S. Blair, the affiant, in the foregoing Affidavit and acknowledged the signing thereof to be her free and voluntary act and deed.

In Testimony Whereof, I have hereunto subscribed my name and affixed my notarial seal on the day and year last aforesaid.

_Gary D. Kenworthy_
GARY D. KENWORTHY - NOTARY PUBLIC
STATE OF OHIO - LIFETIME COMMISSION

This instrument prepared by: Gary D. Kenworthy-0001670, Attorney at Law,
443 N. Court St., POB 574, Circleville, Ohio 43113 (740) 477-2536

Requested By: .... 03/05/2014

Requested By:: 03/05/2014

VERIFY PRESENCE OF ODH WATERMARK    HOLD TO LIGHT TO VIEW

Ohio Department of Health
VITAL STATISTICS
CERTIFICATE OF DEATH
Type or print in permanent blue or black ink

Reg. Dist. No. 23
Primary/Reg. Dist. No. 2300
State File No.

**DECEDENT**

1. Decedent's Legal Name (Include AKA's if any)(First, Middle, LAST, suffix)
JOSEPH EVERETT BLAIR

2. Sex — Male

3. Date of Death (Mo/Day/Year) — May 10, 2011

4. Social Security Number

5a. Age (Years) — 54
5b. Under 1 Year — Months / Days
5c. Under 1 Day — Hours / Minutes

6. Date of Birth (Mo/Day/Year)

7. Birthplace (City and State or Foreign Country) — LOUISA, KENTUCKY

6a. Residence State — OHIO
6b. County — FAIRFIELD
6c. City or Town — STOUTSVILLE

6d. Street and Number — 8855 Leist Avenue
8a. Apt. No.
8f. Zip code — 43154
8g. Inside City Limits? — No

9. Ever in US Armed Forces? — No
10. Marital Status at Time of Death — Married

11. Surviving Spouse's Name (If wife, give name prior to first marriage) — KAREN SUE GAMBLE

12. Decedent's Education — HIGH SCHOOL GRADUATE OR GED

13. Decedent of Hispanic Origin — No

14. Decedent's Race — American Indian or Alaskan Native - CHEROKEE

15. Father's Name — BENJAMIN FRANKLIN BLAIR

16. Mother's Name (prior to first marriage) — MATILDA JANE CORDLE

17a. Informant's Name — KAREN SUE BLAIR
17b. Relationship to Decedent — Wife
17c. Mailing Address (Street and Number, City, State, Zip Code) — 8855 Leist Avenue STOUTSVILLE, OHIO 43154

18a. Place of Death — Decedent's Home
18b. Facility Name (If not institution, give street & number) — 8855 Leist Avenue
18c. City or Town, State and Zip Code — STOUTSVILLE, OH 43154
18d. County of Death — FAIRFIELD

**DISPOSITION**

19. Signature of Funeral Service Licensee or Other Agent

20. License Number (of licensee) — 008350

21. Name and Complete Address of Funeral Facility — DEFENBAUGH-WISE-SCHOEDIN GER FH 151 E MAIN CIRCLEVILLE, OH 43113

22a. Method of Disposition — Cremation
22b. Date of Disposition — 5/12/11
22c. Location of Disposition (Name of Cemetery, Crematory, or Other place) — COLUMBUS, OH

23. Place of Disposition (Name of Cemetery, Crematory, or Other place) — Schoedinger Crematory

24. Registrar's Signature — MCGUIRE, JANE

24a. Date Signed by Registrar — May 13, 2011

24b. Accept for Filing / Date Build Permit
24c. Certifier (Check only one)

**CERTIFIER**

25. Signature of Person who Completed Cause of Death

25a. Date Pronounced Dead (Mo/Day/Year) — 05/10/2011

25b. License Number — M.D.

25c. District No. — 2300

26a. Actual or Presumptive Date of Death — May 10, 2011

26b. Actual or Presumptive Time of Death

26c. Certifying Physician / Coroner

26d. Was the case referred to coroner? — No
26e. Date Signed — 5/11/11

27. Name (Last, First, Middle) and Title of Person who Pronounced Death — KNOBLE, JEANNA 5100 Plaza Properties Blvd COLUMBUS, OH 43219

**CAUSE OF DEATH**

28. Time of Death — 1300

29a. Was an Autopsy Performed? — Yes ☐ No ☒

29b. Were Autopsy Findings Available Prior To Completion Of Cause of Death? — ☐ Yes ☐ No ☐ Not Applicable

30a. Manner of Death — ☒ Natural ☐ Accident ☐ Suicide ☐ Homicide ☐ Pending Investigation ☐ Could not be determined

Part I. Enter the chain of events—diseases, injuries, or complications—that directly caused the death.

Immediate Cause — Lung Cancer
a. Due to (or as Consequence of)
b. Due to (or as Consequence of)
c. Due to (or as Consequence of)
d. Due to (or as Consequence of)

Part II. Other significant conditions contributing to death but not resulting in the underlying cause given in Part I.

30. Did Tobacco Use Contribute to Death? — ☒ Yes ☐ No ☐ Probably ☐ Unknown

31. If Female, Pregnancy Status — Not pregnant within past year

32a. Date of Injury (Mo/Day/Year)
32b. Time of Injury
32c. Place of Injury

33a. Injury at Work? — ☐ Yes ☐ No
33b. If Transportation Injury, Specify: ☐ Driver/Operator ☐ Pedestrian ☐ Passenger

34a. Location of Injury (Street and Number and Rural Route Number, City or Town, State)

34b. Describe How Injury Occurred:



BK: 411 PG: 88-
FILE WITH
THE OF... HEALTH.

2011001000900
GARY D KENWORTHY
643 N COURT ST
PO BOX 576
CIRCL... OH 43113

4889911

REV. 6/2009

VERIFY PRESENCE OF ODH WATERMARK    HOLD TO LIGHT TO VIEW

*TRANSFER*
*NOT NECESSARY*

JUN 20 2011

*Jno. A. Slater, Jr.*
County Auditor, Fairfield County, Ohio

DESCRIPTION, REVIEWED AND APPROVED
FOR TRANSFER ONLY, FAIRFIELD COUNTY
AUDITOR/ENGINEER TAX MAPS
BY _AB_ DATE _6/20/11_
012-01040.00

201100009813
Filed for Record in
FAIRFIELD COUNTY, OH
GENE WOOD, COUNTY RECORDER
06-20-2011 At 03:10 pm.
AFFID DEED     40.00
OR Book   1572 Page 1784 - 1786

## AFFIDAVIT OF TRANSFER

STATE OF OHIO,
COUNTY OF PICKAWAY, SS:

    Karen S. Blair, being first duly cautioned and sworn, hereby states that Joseph E. Blair, died on May 10, 2011, a resident of Fairfield County, Ohio, as shown by the Certified Copy of the Certificate of Death attached hereto; that Joseph E. Blair, at the time of his death, was the owner of certain real estate hereinafter described, by virtue of a Survivorship Deed dated October 4, 2003 and recorded on October 9, 2003 at 12:30 P.M. with the Fairfield County Recorder's Office, the same being of record in Official Record Volume 1311, Page 2782 of the Fairfield County Recorder's Office; that this deed conveyed to Joseph E. Blair and Karen S. Blair, husband and wife, jointly, for and during the term of their natural lives, remainder to the survivor of them, ✓ the following described real estate, to wit: 02-41707

    Situated in the Township of Clearcreek, in the County of Fairfield and State of Ohio, *and now in the Village of Stoutsville:*
    Being in the Southeast Quarter of Section 18, Township 12, Range 20, and bounded and described as follows:
    Beginning at the southeast corner of the Robert Drake Lot; thence North with the East boundary of said Drake Lot Four (4) rods to the Northeast corner of said Drake Lot; thence East four and one-third (4 1/3) rods to a post; thence South four (4) rods to a post the Northeast corner of the John Welsheimer Lot; thence West with said beginning containing seventeen and one third (17 1/3) square rods of perches, and being the same premises conveyed by Flora A. Drake and Lewis A. Drake to Ida M. Brown, by deed dated November 18, 1919 and recorded in Volume 141, Page 98 of the Fairfield County Records, and being also known as Lot Number Seventy Four (74), Stout's 4th Addition, *As Recorded in Plat Book 1, Page 30.*
    Being the same premises conveyed by the estate of Charles O. Brown to Garnet M. Brown by deed dated October 25, 1978, recorded in Volume 484, page 830 of the Fairfield County Deed Records.
    Last Deed Reference: Official Record Volume 1311, Page 2782 of the Fairfield County Recorder's Office.
    Auditor's Permanent Parcel No.: 012-01040-00
    Tax Billing & Property Address: 8855 Leist Avenue, Stoutsville, Ohio 43154

    This Affidavit is made and recorded pursuant to Ohio Revised Code §5302.17 for the purpose of transferring the interest of Joseph E. Blair in the above described real estate to Karen S. Blair, the sole survivor and owner of the entire fee simple title to the above described real estate, whose tax billing address is 8855 Leist Avenue, Stoutsville, Ohio 43154. This affidavit shall also be for the purpose of obtaining a transfer by the Auditor of Fairfield County, Ohio on the tax duplicate as provided by §319.20 of the Ohio Revised Code.

*Karen S. Blair*
KAREN S. BLAIR

OR 1572 PAGE 1705

Be it remembered on this _15th_ day of June, 2011, before me, the subscriber, a Notary Public in and for said County and State, personally came Karen S. Blair, the affiant, in the foregoing Affidavit and acknowledged the signing thereof to be her free and voluntary act and deed.

In Testimony Whereof, I have hereunto subscribed my name and affixed my notarial seal on the day and year last aforesaid.

_Gary D. Kenworthy_
GARY D. KENWORTHY - NOTARY PUBLIC
STATE OF OHIO - LIFETIME COMMISSION

This instrument prepared by: Gary D. Kenworthy-0001670, Attorney at Law,
443 N. Court St., POB 574, Circleville, Ohio 43113 (740) 477-2536

OR | 572 PAGE | 786

Ohio Department of Health
VITAL STATISTICS
**CERTIFICATE OF DEATH**

.eg. Dist. No.        23
Primary Reg. Dist. No.  2300
Registrar's No. 0300-2011-004.62

State File No.

Type or print in permanent blue or black ink

| 1. Decedent's Legal Name (Include AKA's if any) (First Middle, LAST, suffix) | | 2. Sex | 3. Date of Death (Mo/Day/Year) |
|---|---|---|---|
| JOSEPH EVERETT BLAIR | | Male | May 10, 2011 |

| 4. Social Security Number | 5a. Age (Years) 54 | 5b. Under 1 Year Months Days | 5c. Under 1 day Hours Minutes | 6. Date of Birth (Mo/Day/Year) June 03, 1956 | 7. Birthplace (City and State or Foreign Country) LOUISA, KENTUCKY |
|---|---|---|---|---|---|

| 8a. Residence State OHIO | 8b. County FAIRFIELD | 8c. City or Town STOUTSVILLE | | |
|---|---|---|---|---|
| 8d. Street and Number 8855 Leist Avenue | | 8e. Apt. No. | 8f. Zipcode 43154 | 8g. Inside City Limits? No |

| 9. Ever in US Armed Forces? No | 10. Marital Status at Time of Death Married | 11. Surviving Spouse's Name (If wife, give name prior to first marriage) KAREN SUE GAMBLE | |
|---|---|---|---|

| 12. Decedent's Education HIGH SCHOOL GRADUATE OR GED | 13. Of Hispanic Origin No | 14. Decedent's Race American Indian or Alaskan Native - CHEROKEE |
|---|---|---|

| 15. Father's Name BENJAMIN FRANKLIN BLAIR | 16. Mother's Name (prior to first marriage) MATILDA JANE CORDLE |
|---|---|

| 17a. Informant's Name KAREN SUE BLAIR | 17b. Relationship to Decedent Wife | 17c. Mailing Address (Street and Number, City, State, Zip Code) 8855 Leist Avenue |
|---|---|---|

| 18a. Place of Death Decedent's Home | | 18b. City or Town, State and Zip Code STOUTSVILLE, OHIO 43154 |
|---|---|---|
| 18b. Facility Name (if not institution, give street & number) 8855 Leist Avenue | 18c. City or Town, State and Zip Code STOUTSVILLE, OH 43154 | 18d. County of Death FAIRFIELD |

| 19. Signature of Funeral Service Licensee or Other Agent _Arline E. Smith_ | 20. License Number (of license) 008350 | 21. Name and Complete Address of Funeral Facility DEFENBAUGH-WISE-SCHOEDINGER FH |
|---|---|---|
| 22a. Method of Disposition Cremation | 22b. Date of Disposition 5/12/11 | 151 E MAIN |
| 22c. Place of Disposition (Name of Cemetery, Crematory, or other place) Schoedinger Crematory | 22d. Location (City/Town and State) COLUMBUS, OH | CIRCLEVILLE, OH 43113 |

| 23. Registrar's Signature _Jane R. McGuire_ | 24. Date Filed May 12 2011 |
|---|---|
| 25a. Name of Person Issuing Burial Permit MCGUIRE, JANE | 25b. License Number 2300 | 25c. Date Burial Permit Issued 5/12/11 |

| 26a. Certifier (Check only one) | ☐ Certifying Physician — To the best of my knowledge, death occurred at the time, date, and place; and due to the cause(s) and manner stated. |
|---|---|
| | ☐ Coroner — On the basis of examination and/or investigation, in my opinion, death occurred at the time, date, and place; and due to the cause(s) and manner stated. |

| 26b. Time of Death 1300 | 25c. Date Pronounced Dead (Mo/Day/Year) 05/10/2011 | 26d. Was case referred to coroner? No |
|---|---|---|
| 26e. Signature and Title of Certifier _D. Koreum_ | 25.085443 | 26f. License number M D | 26g. Date Signed 5/11/11 |

| 27. Name (Last, First, Middle) and Address of Person who Completed Cause of Death |
|---|
| KNOBLE, JEANNA, 3100 Plaza Properties Blvd COLUMBUS, OH 43219 |

28. Part I. Enter the diseases, injuries, or complications that caused the death. Do not enter the mode of dying, such as cardiac or respiratory arrest, shock, or heart failure. List only one cause on each line. Type or print in permanent blue or black ink.

| | | Approximate Interval Between Onset and Death |
|---|---|---|
| Immediate Cause (Final disease or condition resulting in death) | a. Lung Cancer | 1 and ½ yrs |
| Sequentially list conditions, if any, leading to immediate cause. | b. Due to (or as Consequence of): | (1.5 years) |
| Enter Underlying Cause (Disease or injury that initiated events resulting in death) | c. Due to (or as Consequence of): | |
| | d. Due to (or as Consequence of): | |

Part II. Other significant conditions contributing to death but not resulting in the underlying cause given in Part I.

| 29a. Was An Autopsy Performed? ☐ Yes ☒ No | 29b. Were Autopsy Findings Available Prior To Completion Of Cause of Death? ☐ Yes ☐ No ☐ Not Applicable |
|---|---|

| 30. Did Tobacco Use Contribute to Death? ☒ Yes ☐ No | ☐ Unknown ☐ Probably | 31. If Female, Pregnancy Status ☐ Not pregnant within past year ☐ Pregnant at time of death ☐ Not pregnant, but pregnant within 42 days of death ☐ Not pregnant, but pregnant 43 days to 1 year before death ☐ Unknown if pregnant within the past year | 32. Manner of Death ☒ Natural ☐ Accident ☐ Suicide | ☐ Homicide ☐ Pending Investigation ☐ Could not be determined |
|---|---|---|---|---|

| 33a. Date of Injury (Mo/Day/Year) | 33b. Time of Injury | 33c. Place of Injury (e.g., Decedent's home, construction site, restaurant, wooded area) | 33d. Injury at Work? ☐ Yes ☐ No |
|---|---|---|---|

33e. Location of Injury (Street and Number or Rural Route Number, City and State)

| 33f. Describe How Injury Occurred: | 33g. If Transportation Injury, Specify: ☐ Driver/Operator ☐ Pedestrian ☐ Passenger ☐ Other: |
|---|---|

HEA 2724   Rev. 01/07


COPY OF THE ... WITH
THE O... HEALTH.

MY 12 11 | | 6078

JANE A. ... REGISTRAR
OFFICE OF VITAL ...
WITNESS MY SIGN...

REV. 6/2009

OR 1572 PAGE 1782

*TRANSFER*
*NOT NECESSARY*

JUN 20 2011

*County Auditor, Fairfield County, Ohio*
DESCRIPTION REVIEWED AND APPROVED
FOR TRANSFER BY FAIRFIELD COUNTY
AUDITOR/ENGINEER TAX MAPS.

BY _____ DATE _6/20/11_
012-01039.00

201100009812
Filed for Record in
FAIRFIELD COUNTY, OH
GENE WOOD, COUNTY RECORDER
06-20-2011 At 03:10 pm.
AFFID DEED      32.00
OR Book   1572 Page 1782 - 1783

## AFFIDAVIT OF TRANSFER

STATE OF OHIO,
COUNTY OF PICKAWAY, SS:

Karen S. Blair, being first duly cautioned and sworn, hereby states that Joseph E. Blair, died on May 10, 2011, a resident of Fairfield County, Ohio, as shown by the Certified Copy of the Certificate of Death attached hereto; that Joseph E. Blair, at the time of his death, was the owner of certain real estate hereinafter described, by virtue of a Survivorship Deed dated September 13, 2007 and recorded on September 18, 2007 at 3:19 P.M. with the Fairfield County Recorder's Office, the same being of record in Official Record Volume 1475, Page 2432 of the Fairfield County Recorder's Office; that this deed conveyed to Joseph E. Blair and Karen S. Blair, husband and wife, jointly, for and during the term of their natural lives, remainder to the survivor of them, the following described real estate, to wit:   01-20044

Situated in the Township of Clearcreek, in the County of Fairfield and State of Ohio, now Village of Stoutsville:

Being Lot Number Seventy Three (73) in John Stout's 4th Addition to the Village of Stoutsville, Ohio, *AS RECORDED IN PLAT BOOK 1, PAGE 30.*

Last Deed Reference: Official Record Volume 1475, Page 2432 of the Fairfield County Recorder's Office.

Auditor's Permanent Parcel No.: 012-01039-00
Tax Billing & Property Address: 8855 Leist Avenue, Stoutsville, Ohio 43154

This Affidavit is made and recorded pursuant to Ohio Revised Code §5302.17 for the purpose of transferring the interest of Joseph E. Blair in the above described real estate to Karen S. Blair, the sole survivor and owner of the entire fee simple title to the above described real estate, whose tax billing address is 8855 Leist Road, Stoutsville, Ohio 43154. This affidavit shall also be for the purpose of obtaining a transfer by the Auditor of Fairfield County, Ohio on the tax duplicate as provided by §319.20 of the Ohio Revised Code.

*Karen S Blair*
KAREN S. BLAIR

Be it remembered on this 15th day of June, 2011, before me, the subscriber, a Notary Public in and for said County and State, personally came Karen S. Blair, the affiant, in the foregoing Affidavit and acknowledged the signing thereof to be her free and voluntary act and deed.

In Testimony Whereof, I have hereunto subscribed my name and affixed my notarial seal on the day and year last aforesaid.

*Gary D Kenworthy*
GARY D. KENWORTHY – NOTARY PUBLIC
STATE OF OHIO - LIFETIME COMMISSION

This instrument prepared by: Gary D. Kenworthy-0001670, Attorney at Law,
443 N. Court St., POB 574, Circleville, Ohio 43113 (740) 477-2536

VERIFY  PRESENCE  OF  ODH  WATERMARK      HOLD  TO  LIGHT  TO  VIEW

Reg. Dist. No.        23

Primary Reg. Dist. No.  2300

Ohio Department of Health
VITAL STATISTICS
CERTIFICATE OF DEATH

OR I 572 PAGE I 783

State File No.

Registrar's No. 2300-2011000 402   Type or print in permanent blue or black ink

| | | |
|---|---|---|
| **1.** Decedent's Legal Name (include AKA's if any) (First, Middle, LAST, suffix)  JOSEPH EVERETT BLAIR | **2a.** Sex  Male | **3.** Date of Death (Mo/Day/Year)  May 10, 2011 |

**DECEDENT**

| 4. Social Security Number | 5a. Age (Years) 54 | 5b. Under 1 Year Months  Days | 5c. Under 1 day Hours  Minutes | 6. Date of Birth (Mo/Day/Year)  June 03, 1956 | 7. Birthplace (City and State or Foreign Country)  LOUISA, KENTUCKY |
|---|---|---|---|---|---|

| 8a. Residence State  OHIO | 8b. County  FAIRFIELD | 8c. City or Town  STOUTSVILLE | | |
|---|---|---|---|---|

| 8d. Street and Number  8855 Leist Avenue | 8e. Apt. No. | 8f. Zipcode  43154 | 8g. Inside City Limits?  No |
|---|---|---|---|

| 9. Ever in US Armed Forces?  No | 10. Marital Status at Time of Death  Married | 11. Surviving Spouse's Name (if wife, give name prior to first marriage)  KAREN SUE GAMBLE |
|---|---|---|

| 12. Decedent's Education  HIGH SCHOOL GRADUATE OR GED | 13. Decedent of Hispanic Origin  No | 14. Decedent's Race (prior to first marriage)  American Indian or Alaskan Native - CHEROKEE |
|---|---|---|

| 15. Father's Name  BENJAMIN FRANKLIN BLAIR | 16. Mother's Name (prior to first marriage)  MATILDA JANE CORDLE | |
|---|---|---|
| 17a. Informant's Name  KAREN SUE BLAIR | 17b. Relationship to Decedent  Wife | 17c. Mailing Address  (Street and Number, City, State, Zip Code)  8855 Leist Avenue |

| 18a. Facility Name (if not institution, give street & number)  Decedent's Home | 18b. City or Town, State and Zip Code  STOUTSVILLE, OHIO 43154 | |
|---|---|---|
| 18b. Facility Name (if not institution, give street & number)  8855 Leist Avenue | 18c. City or Town, State and Zip Code  STOUTSVILLE, OH 43154 | 18d. County of Death  FAIRFIELD |

**DISPOSITION**

| 19. Signature of Funeral Service Licensee or Other Agent  _Melanie E. Smith_ | 20. License Number (of licensee)  008350 | 21. Name and Complete Address of Funeral Facility  DEFENBAUGH-WISE-SCHOEDINGER FH |
|---|---|---|
| 22a. Method of Disposition  Cremation | 22b. Date of Disposition  5/12/11 | |
| 22c. Place of Disposition (Name of Cemetery, Crematory, or other place)  Schoedinger Crematory | 22d. Location (City/Town and State)  COLUMBUS, OH | 151 E MAIN  CIRCLEVILLE, OH 43113 |

**REGISTRAR**

| 23. Registrar's Signature  _Jane P. McGuire_ | 24. Date Filed  May 12, 2011 | |
|---|---|---|
| 25a. Name of Person Issuing Burial Permit  MCGUIRE, JANE | 25b. District No.  2300 | 25c. Date Burial Permit Issued  5/12/11 |

**CERTIFIER**

| 26a. Certifier  (Check only one) | ☒ Certifying Physician  To the best of my knowledge, death occurred at the time, date, and place; and due to the cause(s) and manner stated.  ☐ Coroner  On the basis of examination and/or investigation, in my opinion, death occurred at the time, date, and place; and due to the cause(s) and manner stated. | |
|---|---|---|
| 26b. Time of Death  1300 | 26c. Date Pronounced Dead (Mo/Day/Year)  05/10/2011 | 26d. Was case referred to coroner?  No |
| 26e. Signature and Title of Certifier  _J. Koverun_ | 26f. License number  35.085443  M D | 26g. Date Signed  5/11/11 |

| 27. Name (Last, First, Middle) and Address of Person Who Completed Cause of Death  KNOBLE, JEANNA, 3100 Plaza Properties Blvd COLUMBUS, OH 43219 |
|---|

**CAUSE OF DEATH**

| 28. Part I. Enter the chain of events—diseases, injuries, or complications that caused the death. Do not enter the mode of dying, such as cardiac or respiratory arrest, shock, or heart failure. List only one cause on each line. Type or print in permanent blue or black ink. | | Approximate Interval Between Onset and Death |
|---|---|---|
| Immediate Cause  (Final disease or condition resulting in death) | a. Lung Cancer | 1 and 1/2 yrs |
| Sequentially list conditions, if any, leading to immediate cause. | b. Due to (or as Consequence of)  (1.5 years) | |
| Enter Underlying Cause  (Disease or injury that initiated events resulting in death) | c. Due to (or as Consequence of) | |
| | d. Due to (or as Consequence of) | |

| Part II. Other significant conditions contributing to death but not resulting in the underlying cause given in Part I. | 29a. Was An Autopsy Performed?  ☐ Yes  ☒ No | 29b. Were Autopsy Findings Available Prior To Completion Of Cause of Death?  ☐ Yes  ☐ No  ☐ Not Applicable |
|---|---|---|

| 30. Did Tobacco Use Contribute to Death?  ☒ Yes   ☐ Unknown  ☐ No     ☐ Probably | 31. If Female, Pregnancy Status  ☐ Not pregnant past year  ☐ Pregnant at time of death  ☐ Not pregnant, but pregnant within 42 days of death  ☐ Not pregnant, but pregnant 43 days to 1 year before death  ☐ Unknown if pregnant within the past year | 32. Manner of Death  ☒ Natural     ☐ Homicide  ☐ Accident   ☐ Pending Investigation  ☐ Suicide     ☐ Could not be determined |
|---|---|---|

| 33a. Date of Injury (Mo/Day/Year) | 33b. Time of Injury | 33c. Place of Injury (e.g., Decedent's home, construction site, restaurant, wooded area) | 33d. Injury at Work?  ☐ Yes   ☐ No |
|---|---|---|---|

| 33e. Location of Injury (Street and Number and Rural Route Number, City or Town, State) |
|---|

| 33f. Describe How Injury Occurred: | 33g. If Transportation Injury, Specify:  ☐ Driver/Operator  ☐ Pedestrian  ☐ Passenger  ☐ Other: |
|---|---|

HEA 2724  Rev. 0107

I HEREBY CERTIFY THIS TO BE A TRUE
DOCUMENT AS IT IS A CERTIFIED
COPY OF THE RECORD ON FILE WITH
THE OHIO DEPARTMENT OF HEALTH.

MY 72 II I 10079

JANE A. McGUIRE, LOCAL REGISTRAR
OFFICE OF VITAL STATISTICS
WITNESS MY SIGNATURE AND SEAL

REV. 6/2009

VERIFY  PRESENCE  OF  ODH  WATERMARK      HOLD  TO  LIGHT  TO  VIEW

B6B (Official Form 6B) (12/07)

.

In re  **Karen Sue Blair**                                                                    ,      Case No. _____
                                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY

    Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

    **Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | | **Cash on Hand.** | - | 60.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking account with Citizens Bank** | - | 425.23 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | **Household goods and furnishings including but not limited to television, living room furniture, computer, kitchen appliances, and bedroom suite.** | - | 1,500.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | **Womens clothing.** | - | 100.00 |
| 7.  Furs and jewelry. | | **Wedding Ring & Band & Misc Jewelry** | - | 150.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Term Life Insurance Policy through work. NO Cash surrender value. Beneficary is daughter. REQUEST 100% EXEMPTION IN LIFE INSURANCE.** | - | 0.00 |
| 10.  Annuities. Itemize and name each issuer. | X | | | |

                                                                                    Sub-Total >            2,235.23
                                                                                (Total of this page)

  **2**   continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re   **Karen Sue Blair**                                                                    ,   Case No. _____
                                          Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >                    **0.00**
(Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re  **Karen Sue Blair**                                      ,         Case No. _____

                          Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2008 Chevy Impala 135,000 miles, needs brake & brake calibers, needs tires, possible oil leakage, heater issues, paint coming off the bumper. Alot of mechanical problems since purchased vehicle.Value based on NADA & Debtor estimate** | - | 4,850.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | | **1 Dog** | - | 0.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  | Sub-Total > | **4,850.00** |
|---|---|---|
|  | (Total of this page) | |
|  | Total > | **7,085.23** |

Sheet  __2__  of  __2__  continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

## NON-NEGOTIABLE - FOR REGISTRATION ONLY

ISSUING CNTY **PICKAWAY**
RESIDENT CNTY **FAIRFIELD**

### STATE OF OHIO    No.    **65 0039 4786**

**MEMORANDUM TITLE**

ISSUE DATE
**02/14/2014**

IDENTIFICATION NUMBER
**2G1WB58K789266858**

| | YEAR | MAKE | MAKE DESCRIPTION |
|---|---|---|---|
| | **2008** | **CHEV** | **CHEVROLET** |

COMMENTS
**SURVIVING SPOUSE**

PURCHASE PRICE
**$.00**

| BODY TYPE | MODEL | MODEL DESCRIPTION |
|---|---|---|
| **4D** | **IPL** | **IMPALA LS** |

EXEMPT
**IH**

MILEAGE

EVIDENCE
**OH 2509053846**

CONVERSION

MLG BRAND

BRAND(S)

OWNER
**KAREN BLAIR**

**8855 LEIST AVE**
**STOUTSVILLE, OH 43154**

PREVIOUS OWNER
**JOSEPH E. BLAIR**

**852 LUNBECK ROAD**
**CHILLICOTHE, OH 45601**

FIRST LIENHOLDER        DATE OF LIEN: **01/08/2008**
**M & T BANK**

**P O BOX 17292**
**BALTIMORE, MD 21203**

WITNESS MY HAND AND OFFICIAL SEAL THIS 14th DAY OF FEBRUARY,2014

JAMES W. DEAN
CLERK OF COURTS

‰**099200063**                              G

TMELLER
JWARD

B6C (Official Form 6C) (4/13)

.

In re    **Karen Sue Blair**                                                    ,        Case No. _____

_____
Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                          $155,675. *(Amount subject to adjustment on 4/1/16, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                                   *with respect to cases commenced on or after the date of adjustment.)*
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| **Real Estate and residence known as 8855 Liest Road, Stoutsville, Ohio 43154. Parcel Nos. 012-01039-00 & 012-01040-00. A copy of the Deed and legal description are attached to this Petition. Value based on Auditors value.** | **Ohio Rev. Code Ann. § 2329.66(A)(1)** | **132,900.00** | **16,640.00** |
| **Cash on Hand** | | | |
| **Cash on Hand.** | **Ohio Rev. Code Ann. § 2329.66(A)(3)** | **60.00** | **60.00** |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Checking account with Citizens Bank** | **Ohio Rev. Code Ann. § 2329.66(A)(3)** | **390.00** | **425.23** |
| | **Ohio Rev. Code Ann. § 2329.66(A)(18)** | **35.23** | |
| **Household Goods and Furnishings** | | | |
| **Household goods and furnishings including but not limited to television, living room furniture, computer, kitchen appliances, and bedroom suite.** | **Ohio Rev. Code Ann. § 2329.66(A)(4)(a)** | **1,500.00** | **1,500.00** |
| **Wearing Apparel** | | | |
| **Womens clothing.** | **Ohio Rev. Code Ann. § 2329.66(A)(4)(a)** | **100.00** | **100.00** |
| **Furs and Jewelry** | | | |
| **Wedding Ring & Band & Misc Jewelry** | **Ohio Rev. Code Ann. § 2329.66(A)(4)(b)** | **150.00** | **150.00** |
| **Interests in Insurance Policies** | | | |
| **Term Life Insurance Policy through work. NO Cash surrender value. Beneficary is daughter. REQUEST 100% EXEMPTION IN LIFE INSURANCE.** | **Ohio Rev. Code Ann. §§ 2329.66(A)(6)(b), 3911.10, 3911.12, 3911.14** | **0.00** | **0.00** |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **2008 Chevy Impala 135,000 miles, needs brake & brake calibers, needs tires, possible oil leakage, heater issues, paint coming off the bumper. Alot of mechanical problems since purchased vehicle.Value based on NADA & Debtor estimate** | **Ohio Rev. Code Ann. § 2329.66(A)(2)** | **3,675.00** | **4,850.00** |
| | **Ohio Rev. Code Ann. § 2329.66(A)(18)** | **525.00** | |

___**0**___ continuation sheets attached to Schedule of Property Claimed as Exempt        Total:     **139,335.23**     **23,725.23**

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re  **Karen Sue Blair**                                         , Case No. _____
                          Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **xxxxxxxxxxxxx0001** <br><br> **M & T Bank** <br> **Po Box 7678** <br> **Buffalo, NY 14240** | | - | Opened 12/22/07  Last Active  1/13/14 <br> **PMSI** <br> **2008 Chevy Impala 135,000 miles, needs brake & brake calibers, needs tires, possible oil leakage, heater issues, paint coming off the bumper. Alot of mechanical problems since purchased vehicle.Value based on NADA & Debtor** | | | | | |
| | | | Value $            **4,850.00** | | | | **650.00** | **0.00** |
| Account No. <br><br> **Richrd E. Grindly** <br> **4541 Raven Drive** <br> **Westerville, OH 43081** | | - | **1st Mortgage** <br><br> **Real Estate located at 852 Lunbeck Road, Chillicothe, Ohio 45601. A copy of the Deed and legal description are attached to this Petition. Value based on Auditors value.** | | | | | |
| | | | Value $            **43,890.00** | | | | **59,000.00** | **15,110.00** |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |

|  | | |
|---|---|---|
| **_0_** continuation sheets attached | Subtotal <br> (Total of this page) | **59,650.00** | **15,110.00** |
| | Total <br> (Report on Summary of Schedules) | **59,650.00** | **15,110.00** |

## MORTGAGE

Joseph E. Blair and Karen S. Blair, husband and wife

_____ (Mortgagor(s)) in consideration of Sixty-three Thousand

Three Hundred _____ Dollars ($ 63,300.00 ) paid, grant

with mortgage covenants, to Richard E. Grindley and Edna Glee Grindley

_____ (Mortgagee(s)) whose address is 4541 Ravine Drive,

Westerville, Ohio 43081 _____ the following real property, situated in the

County of _____ Ross _____, State of Ohio and in the _____ Township of

Scioto

Being the premises described on Exhibit "A", attached hereto.

200100014454
Filed for Record in
FRANKLIN COUNTY, OH
KATHY DUNN
11-02-2001 01:31 PM.
MTG                    14.00
OR Volume 193 Page 65 - 66

This mortgage is given, upon the statutory condition, to secure payment of the above mentioned sum of money with interest as provided in a note of even date. "Statutory condition" is defined in Section 5302.14 of the Revised Code and provides generally that if the mortgagor pays the principal and interest secured by this mortgage, performs the other obligations secured hereby and the conditions of any prior mortgage, pays all taxes and assessments, maintains insurance against fire and other hazards, and does not commit or suffer waste, then this mortgage shall be void.

Mortgagor(s) release to Mortgagee(s) all rights of dower in the above described property.
Witness our hands this 31-st day of October , 2001 .

Signed and acknowledged
in the presence of:

_Carole Brewer_
Carole Brewer

_William T. Voelker_
William T. Voelker

STATE OF OHIO                                        FRANKLIN     COUNTY ss:

BE IT REMEMBERED, That on this 31-st day of October , 2001 before me, the subscriber, a Notary Public in and for said County, personally came the Joseph E. Blair and Karen S. Blair Mortgagor(s) in the foregoing Mortgage, and acknowledged the signing thereof to be their voluntary act and deed.
IN TESTIMONY THEREOF, I have hereunto subscribed my name and affixed my seal on this day and year aforesaid.

_Joseph E. Blair_
Joseph E. Blair

_Karen S. Blair_
Karen S. Blair

_Dirken T. Voelker_

DIRKEN T. VOELKER
Dirken T. Voelker, Attorney at Law
NOTARY PUBLIC, STATE OF OHIO
My Commission Has No Expiration Date

This instrument was prepared by Dirken T. Voelker, Attorney at Law

The conditions of the within mortgage having been complied with, hereby Cancel and Release the same this _____ day of _____ .

Instrument
200100014454 OR

Volume Page
193    65

EXHIBIT "A"

Situated in the County of Ross, State of Ohio and in the Township of Scioto:

FIRST TRACT: Beginning at an iron pin, marker for the corner of the herein described 1.12 acres of land, said iron pipe being S. 11 deg. 30' W. 100 feet from a stone in the east edge of the traveled Lunbeck Hill Road and being at the Northeast corner of the 74 acre and 174 pole tract of land of which this is a part; thence S. 44 deg. 30' W. 327.6 feet to an iron pin near the center of said road; thence N. 51 deg. 30' W. 132 feet to an iron pin; thence N. 39 deg. E. 332.5 feet to an iron pin at the Northwest corner of the 1.12 acres parcel of land; thence S. 39 deg. E. 166 feet to the place of beginning, containing 1.12 acres of land, more or less, being a part of Survey No. 235 Scioto Township, Ross County, Ohio.

SECOND TRACT: Beginning at an iron pin in the Southeast corner of a tract of 1.12 acres sold and conveyed by grantors to grantees by deed dated May 29th, 1937, recorded in Vol. 227, page 306, Ross County Ohio Deed Records; thence South along the center of the Lunbeck Hill Road a distance of ten feet; thence West and parallel with the South line of the tract heretofore conveyed to the West line extended of said heretofore conveyed tract; thence North a distance of ten feet to the Southwest corner of said heretofore conveyed tract; thence East along the South line of said heretofore conveyed tract to the place of beginning. Being a ten foot strip immediately South of the South line of said heretofore conveyed tract, being 3/100 acre, more or less.

200100014454
TED GRINDLEY & ASSOC
P O BOX 29142
COLUMBUS, OH 43229

# PROMISSORY NOTE

$62,910.00

October 31, 2001

FOR VALUE RECEIVED, the undersigned, "maker(s)" jointly and severally, if more than one, promise to pay to the order of Richard E. Grindley and Edna Glee Grindley (holder) at 4541 Ravine Drive, Westerville, Ohio 43081 or at such other address as the holder hereof may from time to time designate in writing, the sum of Sixty-two Thousand Nine Hundred Ten Dollars ($62,910.00), with interest thereon at the rate of 8.75% percent per annum.

The principal sum and interest shall be due and payable as follows:

The principal sum and interest shall be payable in consecutive monthly installments of $484.00 per month, beginning December 1, 2001, with each subsequent installment being due and payable on the 1st day of each month thereafter (due date) until paid in full.

All or any part of the principal sum and accrued interest may be prepaid without penalty.

**Security:** This note is secured by a mortgage on real estate situated in Ross County, Ohio. The covenants of the mortgage given to secure the payment of this note are hereby made a part of this instrument as if fully written herein.

**Late Charge:** Upon failure to pay any installment within ten (10) calendar days after the same is due, the maker shall incur a late charge equal to ten (10%) percent of each late payment. This late charge shall be due and payable without any notice or demand therefor.

**Default and Acceleration:** In the event that (1) any installment is not paid within thirty (30) calendar days after due date, or should the real property described in the mortgage, or any interest therein, whether legal or equitable, be sold or transferred by maker, without the prior written consent of the holder; or (2) upon failure of maker to perform any of the other covenants or conditions contained in the mortgage within sixty (60) calendar days after holder gives notice to maker of maker's failure to observe or perform such covenant or condition, this note shall at the option of the holder hereof, bear interest while in default at the rate of thirteen percent (13%) per annum (default rate), and the entire principal hereof then remaining unpaid, together with all accrued interest, shall at holder's option, become immediately due and payable without any notice or demand.

**Other Events of Default and Acceleration:** The outstanding balance of this Note shall be rendered immediately due and payable in case any of the following acts by or against the maker, (a) an assignment by the maker for the benefit of his creditors; or (b) filing of a bankruptcy petition or a petition for receivership or reorganization by the maker; or (c) the filing of any such petition against the maker that is not discharged within thirty (30) days.

All persons now or hereafter liable for the payment of the principal or interest due on this note, or any part thereof, do hereby expressly waive presentment for payment, notice of dishonor, protest and notice of protest, and agree that the time for payment or payments of any part of this note may be extended at the option of the holder without releasing or otherwise affecting their liability on this note, or the lien of the mortgage securing this note.

This note was executed in Franklin County, Ohio.

_____
MAKER    Joseph E. Blair

_____
MAKER    Karen S. Blair

ADDRESSES OF MAKER(S):    852 Lunbeck Road
Chillicothe, Ohio    45601

B6E (Official Form 6E) (4/13)

.

In re    **Karen Sue Blair**                                                                                    ,        Case No. _____
                                                            Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts _not_ entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

_* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment._

_0_    continuation sheets attached

B6F (Official Form 6F) (12/07)

In re __Karen Sue Blair__ _____ , Case No. _____

_Debtor_

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxxxxxxxx4305<br><br>**Comenity Bank/Eldrbrmn**<br>**3100 Easton Square Pl**<br>**Columbus, OH 43219** | - | | **Opened 12/14/13 Last Active 2/04/14**<br>**Charge Account** | | | | 203.00 |
| Account No. xxx4037<br><br>**Credit Adjustments Inc**<br>**330 Florence St**<br>**Defiance, OH 43512** | | | **Opened 11/05/13 Last Active 3/01/12**<br>**Berger Health System** | | | | 87.00 |
| Account No.<br><br>**Dagger Johnston Miller Ogilvie &**<br>**Hampson**<br>**Nick Grilli, Esq.**<br>**144 E.Main Street, PO Box 667**<br>**Lancaster, OH 43130-0667** | - | | **Attorney Fees** | | | | 47.00 |
| Account No. xxxxxxxxxxx8631<br><br>**Discover Fin Svcs Llc**<br>**Po Box 15316**<br>**Wilmington, DE 19850** | - | | **Opened 10/10/10 Last Active 4/28/11**<br>**Credit Card** | | | | 0.00 |

__1__ continuation sheets attached

Subtotal
(Total of this page) — 337.00

B6F (Official Form 6F) (12/07) - Cont.

In re **Karen Sue Blair**                                    , Case No. _____
                                                  Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No. xxxxxxxxxxxx4158 | | | | | Opened 4/21/02 Last Active 4/30/07 Charge Account | | | | |
| Gecrb/Walmart Po Box 965024 Orlando, FL 32896 | - | | | | | | | | |
| | | | | | | | | | 0.00 |
| Account No. xxxxxxxxxxxx4187 | | | | | Opened 2/07/07 Last Active 2/11/14 Credit Card | | | | |
| Gecrb/Walmart Dc Po Box 965024 Orlando, FL 32896 | - | | | | | | | | |
| | | | | | | | | | 4,159.00 |
| Account No. xxxxxxxxxxxx5966 | | | | | Opened 9/06/13 Last Active 1/03/14 Unsecured | | | | |
| Onemain Po Box 499 Hanover, MD 21076 | - | | | | | | | | |
| | | | | | | | | | 13,199.00 |
| Account No. | | | | | CVI1301833 and CVI 1302957 | | | | |
| Richard E. Grindley 4541 Ravine Drive Westerville, OH 43081 | - | | | | | | | | |
| | | | | | | | | | 3,194.40 |
| Account No. xxxxxxxxxxxx2267 | | | | | Opened 8/08/05 Last Active 1/15/07 Credit Card | | | | |
| Wff Cards 3201 N 4th Ave Sioux Falls, SD 57104 | - | | | | | | | | |
| | | | | | | | | | 0.00 |

Sheet no. __1__ of __1__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

| | | |
|---|---|---|
| Subtotal (Total of this page) | | 20,552.40 |
| Total (Report on Summary of Schedules) | | 20,889.40 |

B6G (Official Form 6G) (12/07)

.

In re    **Karen Sue Blair**                                                              ,    Case No. _____
                                        Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com

B6H (Official Form 6H) (12/07)

.

In re   **Karen Sue Blair**                                          ,          Case No. _____
                                  Debtor

# SCHEDULE H - CODEBTORS

　　　Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
| --- | --- |

**0**
_____  continuation sheets attached to Schedule of Codebtors

                                          Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Karen Sue Blair** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF OHIO |
| Case number (If known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 income as of the following date:

MM / DD/ YYYY

## Official Form B 6I

# Schedule I: Your Income                    12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:     Describe Employment

1. **Fill in your employment information.**

If you have more than one job, attach a separate page with information about additional employers.

Include part-time, seasonal, or self-employed work.

Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Employment status | ■ Employed <br> ☐ Not employed | ☐ Employed <br> ☐ Not employed |
| | Occupation | factory work | |
| | Employer's name | Wincup | |
| | Employer's address | 4th Street <br> Mount Sterling, OH 43143 | |
| | How long employed there? | 15 years | |

### Part 2:     Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ 2,028.39 | $ N/A |
| 3. | **Estimate and list monthly overtime pay.** | 3. | +$ 0.00 | +$ N/A |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4. | $ 2,028.39 | $ N/A |

Debtor 1 **Karen Sue Blair**                                           Case number (*if known*) _____

|  |  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | Copy line 4 here ............................................... | 4. | $ **2,028.39** | $ **N/A** |

5. **List all payroll deductions:**

|  |  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | **Tax, Medicare, and Social Security deductions** | 5a. | $ **0.00** | $ **N/A** |
| 5b. | **Mandatory contributions for retirement plans** | 5b. | $ **0.00** | $ **N/A** |
| 5c. | **Voluntary contributions for retirement plans** | 5c. | $ **0.00** | $ **N/A** |
| 5d. | **Required repayments of retirement fund loans** | 5d. | $ **0.00** | $ **N/A** |
| 5e. | **Insurance** | 5e. | $ **189.71** | $ **N/A** |
| 5f. | **Domestic support obligations** | 5f. | $ **0.00** | $ **N/A** |
| 5g. | **Union dues** | 5g. | $ **0.00** | $ **N/A** |
| 5h.+ | **Other deductions.** Specify: _____ | 5h.+ | $ **0.00** + | $ **N/A** |

6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.    6.   $ **189.71**   $ **N/A**

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.    7.   $ **1,838.68**   $ **N/A**

8. **List all other income regularly received:**

|  |  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 8a. | **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ **0.00** | $ **N/A** |
| 8b. | **Interest and dividends** | 8b. | $ **0.00** | $ **N/A** |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ **0.00** | $ **N/A** |
| 8d. | **Unemployment compensation** | 8d. | $ **0.00** | $ **N/A** |
| 8e. | **Social Security** | 8e. | $ **0.00** | $ **N/A** |
| 8f. | **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ | 8f. | $ **0.00** | $ **N/A** |
| 8g. | **Pension or retirement income** | 8g. | $ **0.00** | $ **N/A** |
| 8h.+ | **Other monthly income.** Specify: _____ | 8h.+ | $ **0.00** + | $ **N/A** |

9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.    9.   $ **0.00**   $ **N/A**

10. **Calculate monthly income.** Add line 7 + line 9.    10.   $ **1,838.68** + $ **N/A** = $ **1,838.68**
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in Schedule J.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify: _____    11. +$ **0.00**

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies    12. $ **1,838.68**

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
■ No.
☐ Yes. Explain: **None anticipated**

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Karen Sue Blair** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF OHIO |
| Case number (If known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

## Official Form B 6J

# Schedule J: Your Expenses                                                  12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

1. **Is this a joint case?**

   ■ No. Go to line 2.

   ☐ Yes. **Does Debtor 2 live in a separate household?**

      ☐ No
      ☐ Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?**    ■ No

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents' names.

   ☐ Yes. Fill out this information for each dependent...........

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | | | ☐ No<br>☐ Yes |
   | | | ☐ No<br>☐ Yes |
   | | | ☐ No<br>☐ Yes |
   | | | ☐ No<br>☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**    ■ No    ☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 6I.)

|  |  | **Your expenses** |
|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. $ 0.00 |
| | **If not included in line 4:** | |
| 4a. | Real estate taxes | 4a. $ 17.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ 60.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ 150.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $ 0.00 |
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. $ 0.00 |

Debtor 1    **Karen Sue Blair**                                    Case number (if known)

6.  **Utilities:**
    6a.    Electricity, heat, natural gas                  6a.  $     **160.00**
    6b.    Water, sewer, garbage collection               6b.  $     **110.00**
    6c.    Telephone, cell phone, Internet, satellite, and cable services   6c.  $     **60.00**
    6d.    Other. Specify:                                6d.  $     **0.00**

7.  **Food and housekeeping supplies**                              7.  $     **450.00**

8.  **Childcare and children's education costs**                    8.  $     **0.00**

9.  **Clothing, laundry, and dry cleaning**                         9.  $     **135.00**

10. **Personal care products and services**                         10. $     **50.00**

11. **Medical and dental expenses**                                 11. $     **60.00**

12. **Transportation.** Include gas, maintenance, bus or train fare.
    Do not include car payments.                               12. $     **308.00**

13. **Entertainment, clubs, recreation, newspapers, magazines, and books**   13. $     **0.00**

14. **Charitable contributions and religious donations**           14. $     **0.00**

15. **Insurance.**
    Do not include insurance deducted from your pay or included in lines 4 or 20.
    15a.   Life insurance                               15a. $     **0.00**
    15b.   Health insurance                             15b. $     **0.00**
    15c.   Vehicle insurance                            15c. $     **112.00**
    15d.   Other insurance. Specify:                    15d. $     **0.00**

16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.
    Specify:                                                   16. $     **0.00**

17. **Installment or lease payments:**
    17a.   Car payments for Vehicle 1                   17a. $     **166.00**
    17b.   Car payments for Vehicle 2                   17b. $     **0.00**
    17c.   Other. Specify:                              17c. $     **0.00**
    17d.   Other. Specify:                              17d. $     **0.00**

18. **Your payments of alimony, maintenance, and support that you did not report as deducted
from your pay on line 5, *Schedule I, Your Income* (Official Form 6I).**   18. $     **0.00**

19. **Other payments you make to support others who do not live with you.**   19. $
    Specify:                                                   19.

20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.**
    20a.   Mortgages on other property                  20a. $     **0.00**
    20b.   Real estate taxes                            20b. $     **0.00**
    20c.   Property, homeowner's, or renter's insurance   20c. $     **0.00**
    20d.   Maintenance, repair, and upkeep expenses     20d. $     **0.00**
    20e.   Homeowner's association or condominium dues   20e. $     **0.00**

21. **Other:** Specify:                                             21. +$     **0.00**

22. **Your monthly expenses.** Add lines 4 through 21.              22.  $     **1,838.00**
    The result is your monthly expenses.

23. **Calculate your monthly net income.**
    23a.   Copy line 12 *(your combined monthly income)* from Schedule I.   23a. $     **1,838.68**
    23b.   Copy your monthly expenses from line 22 above.   23b. -$     **1,838.00**

    23c.   Subtract your monthly expenses from your monthly income.
        The result is your *monthly net income.*   23c. $     **0.68**

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
    For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?
    ☐ No.
    ■ Yes. Explain:  **Increased gas and heating expenses.**

**B6 Declaration (Official Form 6 - Declaration). (12/07)**

# United States Bankruptcy Court
## Southern District of Ohio

In re    **Karen Sue Blair**                                Case No. _____

                                      Debtor(s)          Chapter     **7** _____

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

        I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   __**29**__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   __**March  7, 2014**__                  Signature    **/s/ Karen Sue Blair** _____

                                                         **Karen Sue Blair**

                                                           Debtor

*Penalty for making a false statement or concealing property:*   Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## Southern District of Ohio

In re    **Karen Sue Blair**       Case No.

                        Debtor(s)       Chapter    **7**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $4,172.11 | 2014 YTD: Debtor Wincup |
| $22,297.00 | 2013: Debtor Wincup |
| $20,799.00 | 2012: Debtor Wincup |

---

**2. Income other than from employment or operation of business**

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                SOURCE

B7 (Official Form 7) (04/13)
2

### 3. Payments to creditors

**None** ■ *Complete a. or b., as appropriate, and c.*

    a.    *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**None** ■   b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

**None** ■   c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

### 4. Suits and administrative proceedings, executions, garnishments and attachments

**None** ☐   a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Richard E. Grindley vs. Karen Blair Case No. CVI 1301833** | **Complaint for money** | **Fairfield County Municipal Court, Lancaster, OH 43130** | **Case Dismissed 9/20/2013** |
| **Richard E. Grindley vs. Karen Blair Case No. CVI 1302957** | **Complaint for money** | **Fairfield County Municipal Court, Lancaster, OH 43130** | **Pending** |
| **Richard E. Grindley vs. Karen Blair Case No. 13 CVI 00819** | **Complaint for money** | **Fairfield County Municipal Court, Lancaster, OH 43130** | **Satisfied** |

**None** ■   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B7 (Official Form 7) (04/13)

3

### 5. Repossessions, foreclosures and returns

None
■

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

### 6. Assignments and receiverships

None
■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None
■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

### 7. Gifts

None
■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

### 8. Losses

None
■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

B7 (Official Form 7) (04/13)
4

**9.  Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Raina D. Cornell & Associates 329 East Main Street Lancaster, OH 43130** | | **$800.00 retainer/attroney fees, $40.00 credit report cost/public records search fee cost, $306.00 Court costs/filing fee, $34.00 (Postage and mailings, copier and reproduction costs, electronic research fees, parking deposit, long distance telephone, and facsimile time),** |
| **001 Debtorcc, Inc. 372 Summit Avenue Jersey City, NJ 07306** | **3/4/2014** | **$9.95** |

**10.  Other transfers**

None
☐

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Dean Rinhart 137 East Maine Street Circleville, OH 43113** friend | **January 2014** | **Sold SUV  for $3,000.00 estimate the value to be $3,000.00** |

None
■

b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11.  Closed financial accounts**

None
■

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

B7 (Official Form 7) (04/13)
5

**12. Safe deposit boxes**

None ■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None ■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None ■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None ■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None ■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com

B7 (Official Form 7) (04/13)
6

None    b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous
■       Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None    c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which
■       the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the
        docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

### 18 . Nature, location and name of business

None    a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and
■       ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a
        partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years**
        immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities
        within **six years** immediately preceding the commencement of this case.

        *If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and
        ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six
        years** immediately preceding the commencement of this case.

        *If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and
        ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six
        years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.
■

| NAME | ADDRESS |
|---|---|

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has
been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or
owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole
proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above,
within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go
directly to the signature page.)*

---

### 19. Books, records and financial statements

None    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or
■       supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|

None    b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books
■       of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

B7 (Official Form 7) (04/13)
7

| None ■ | c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain. |
|---|---|

**NAME**                                                                            ADDRESS

| None ■ | d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case. |
|---|---|

**NAME AND ADDRESS**                                                  DATE ISSUED

---

**20. Inventories**

| None ■ | a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory. |
|---|---|

DATE OF INVENTORY                 INVENTORY SUPERVISOR                 DOLLAR AMOUNT OF INVENTORY
                                                                                                  (Specify cost, market or other basis)

| None ■ | b. List the name and address of the person having possession of the records of each of the inventories reported in a., above. |
|---|---|

DATE OF INVENTORY                                                 NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY
                                                                                          RECORDS

---

**21 . Current Partners, Officers, Directors and Shareholders**

| None ■ | a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership. |
|---|---|

NAME AND ADDRESS                       NATURE OF INTEREST                       PERCENTAGE OF INTEREST

| None ■ | b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation. |
|---|---|

NAME AND ADDRESS                       TITLE                       NATURE AND PERCENTAGE
                                                                                          OF STOCK OWNERSHIP

---

**22 . Former partners, officers, directors and shareholders**

| None ■ | a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case. |
|---|---|

NAME                                   ADDRESS                                   DATE OF WITHDRAWAL

| None ■ | b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case. |
|---|---|

NAME AND ADDRESS                       TITLE                       DATE OF TERMINATION

---

**23 . Withdrawals from a partnership or distributions by a corporation**

| None ■ | If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case. |
|---|---|

NAME & ADDRESS
OF RECIPIENT,                          DATE AND PURPOSE                       AMOUNT OF MONEY
RELATIONSHIP TO DEBTOR                 OF WITHDRAWAL                          OR DESCRIPTION AND
                                                                                                  VALUE OF PROPERTY

B7 (Official Form 7) (04/13)
8

**24. Tax Consolidation Group.**

None
■

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                                    TAXPAYER IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                          TAXPAYER IDENTIFICATION NUMBER (EIN)

\* \* \* \* \* \*

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date    **March  7, 2014**                    Signature    **/s/ Karen Sue Blair**
                                                            **Karen Sue Blair**
                                                            Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# United States Bankruptcy Court
## Southern District of Ohio

| In re | **Karen Sue Blair** | | Case No. | |
|---|---|---|---|---|
| | | Debtor(s) | Chapter | **7** |

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 800.00 |
| Prior to the filing of this statement I have received | $ | 800.00 |
| Balance Due | $ | 0.00 |

2. The source of the compensation paid to me was:

   ■ Debtor      ☐ Other (specify):

3. The source of compensation to be paid to me is:

   ■ Debtor      ☐ Other (specify):

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:   **March  7, 2014**

**/s/ Leann R. Deeter**
**Leann R. Deeter 0019910**
**Raina D. Cornell & Associates**
**329 East Main Street**
**Lancaster, OH 43130**
**1- 740-653-4000  Fax: 1-740-653-4118**
**bankr.cornelllaw@sbcglobal.net**

---

B 201A (Form 201A) (11/12)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total Fee $306)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over

a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1,167 filing fee, $46 administrative fee: Total fee $1,213)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

### 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Southern District of Ohio

In re   **Karen Sue Blair** _____      Case No. _____
                                   Debtor(s)               Chapter   **7** _____

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

**Karen Sue Blair** _____      X **/s/ Karen Sue Blair** _____      **March  7, 2014**
Printed Name(s) of Debtor(s)                 Signature of Debtor           Date

Case No. (if known) _____      X _____
                                             Signature of Joint Debtor (if any)      Date

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

Berger Health System
PO Box 714822
Columbus, OH 43271

Berger Health System
600 N. Pickaway St.
Circleville, OH 43113

Comenity Bank
Bankruptcy Department
PO Box 182125
Columbus, OH 43218-2125

Comenity Bank/Eldrbrmn
3100 Easton Square Pl
Columbus, OH 43219

Credit Adjustments Inc
330 Florence St
Defiance, OH 43512

Dagger Johnston Miller Ogilvie & Hampson
Nick Grilli, Esq.
144 E.Main Street, PO Box 667
Lancaster, OH 43130-0667

Discover Card
Po Box 960024
Orlando, FL 32896-0024

Discover Fin Svcs Llc
Po Box 15316
Wilmington, DE 19850

Elder Beerman
P.O. Box 671
Dayton, OH 45401-0671

Elder Beerman
Retail Services
P.O. Box 15521
Wilmington, DE 19850-5521

Elder Beerman
P.O. Box 659813
San Antonio, TX 78265-9113

GE Capital  Retail Bank
Attn: Bankruptcy Dept
PO Box 103104
Roswell, GA 30076

Gecrb/Walmart
Po Box 965024
Orlando, FL 32896

Gecrb/Walmart Dc
Po Box 965024
Orlando, FL 32896

M & T Bank
Po Box 7678
Buffalo, NY 14240

M&T Bank
Lending Services, Customer Support
PO Box 900
Millsboro, DE 19966

One Main
PO Box 6043
Sioux Falls, SD 57117-6042

One Main Financial
1124 North Memorial Drive
Lancaster, OH 43130

One Main Financial
6400 Las Colinas Blvd
M/C-CC2.09
Irving, TX 75039

One Main Financial
1440 Circleville Plaza
Circleville, OH 43113

Onemain
Po Box 499
Hanover, MD 21076

Richard E. Grindley
4541 Ravine Drive
Westerville, OH 43081

Richrd E. Grindly
4541 Raven Drive
Westerville, OH 43081

Wff Cards
3201 N 4th Ave
Sioux Falls, SD 57104

B22A (Official Form 22A) (Chapter 7) (04/13)

| | |
|---|---|
| In re **Karen Sue Blair** | According to the information required to be entered on this statement (check one box as directed in Part I, III, or VI of this statement): |
| Debtor(s) | ☐ **The presumption arises.** |
| Case Number: _____ | ■ **The presumption does not arise.** |
| (If known) | ☐ **The presumption is temporarily inapplicable.** |

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME
## AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor. If none of the exclusions in Part I applies, joint debtors may complete one statement only. If any of the exclusions in Part I applies, joint debtors should complete separate statements if they believe this is required by § 707(b)(2)(C).

| | **Part I. MILITARY AND NON-CONSUMER DEBTORS** |
|---|---|
| 1A | **Disabled Veterans.** If you are a disabled veteran described in the Declaration in this Part IA, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| 1B | **Non-consumer Debtors.** If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.** Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends.**<br><br>☐ **Declaration of Reservists and National Guard Members.** By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard<br><br>      a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and<br>        ☐ I remain on active duty /or/<br>        ☐ I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed;<br><br>        OR<br><br>      b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/<br>        ☐ I performed homeland defense activity for a period of at least 90 days, terminating on _____, which is less than 540 days before this bankruptcy case was filed. |

B22A (Official Form 22A) (Chapter 7) (04/13)                                                    2

| | Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION | | |
|---|---|---|---|
| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br><br>a. ■ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br><br>b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only column A ("Debtor's Income") for Lines 3-11.**<br><br>c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.**<br><br>d. ☐ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** | | |

| | | Column A<br><br>Debtor's Income | Column B<br><br>Spouse's Income |
|---|---|---|---|
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | | |
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ **2,028.39** | $ |

| | | | | |
|---|---|---|---|---|
| 4 | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part V.** | | | |

| | | | Debtor | Spouse |
|---|---|---|---|---|
| | a. | Gross receipts | $ 0.00 | $ |
| | b. | Ordinary and necessary business expenses | $ 0.00 | $ |
| | c. | Business income | Subtract Line b from Line a | |

| | | Column A | Column B |
|---|---|---|---|
| | | $ 0.00 | $ |

| | | | | |
|---|---|---|---|---|
| 5 | **Rent and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.** | | | |

| | | | Debtor | Spouse |
|---|---|---|---|---|
| | a. | Gross receipts | $ 0.00 | $ |
| | b. | Ordinary and necessary operating expenses | $ 0.00 | $ |
| | c. | Rent and other real property income | Subtract Line b from Line a | |

| | | Column A | Column B |
|---|---|---|---|
| | | $ 0.00 | $ |

| | | Column A | Column B |
|---|---|---|---|
| 6 | **Interest, dividends, and royalties.** | $ 0.00 | $ |
| 7 | **Pension and retirement income.** | $ 0.00 | $ |
| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $ 0.00 | $ |

| | | | |
|---|---|---|---|
| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act    Debtor $ 0.00    Spouse $ | | |

| | | Column A | Column B |
|---|---|---|---|
| | | $ 0.00 | $ |

| | | | | |
|---|---|---|---|---|
| 10 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | | |

| | | | Debtor | Spouse |
|---|---|---|---|---|
| | a. | | $ | $ |
| | b. | | $ | $ |

| | | Column A | Column B |
|---|---|---|---|
| | Total and enter on Line 10 | $ 0.00 | $ |

| | | Column A | Column B |
|---|---|---|---|
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | $ **2,028.39** | $ |

B22A (Official Form 22A) (Chapter 7) (04/13)                                                                                    3

| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total.  If Column B has not been completed, enter the amount from Line 11, Column A. | $ | **2,028.39** |
|---|---|---|---|

## Part III. APPLICATION OF § 707(b)(7) EXCLUSION

| 13 | **Annualized Current Monthly Income for § 707(b)(7).**  Multiply the amount from Line 12 by the number 12 and enter the result. | $ | **24,340.68** |
|---|---|---|---|
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) <br> a. Enter debtor's state of residence:   **OH**   b. Enter debtor's household size:   **1** | $ | **43,057.00** |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed. <br> ■ **The amount on Line 13 is less than or equal to the amount on Line 14.**  Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V or VII. <br> ☐ **The amount on Line 13 is more than the amount on Line 14.**  Complete the remaining parts of this statement. |  |  |

### Complete Parts IV, V, VI, and VII of this statement only if required.  (See Line 15.)

## Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| 16 | Enter the amount from Line 12. | $ |  |
|---|---|---|---|
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero. | | |

| a. | | $ |
|---|---|---|
| b. | | $ |
| c. | | $ |
| d. | | $ |

| | Total and enter on Line 17 | $ |
|---|---|---|
| 18 | **Current monthly income for § 707(b)(2).**  Subtract Line 17 from Line 16 and enter the result. | $ |

## Part V. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 19A | **National Standards: food, clothing and other items.**  Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable number of persons. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ |
|---|---|---|
| 19B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are  under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | |

| Persons under 65 years of age | | | Persons 65 years of age or older | | |
|---|---|---|---|---|---|
| a1. | Allowance per person | | a2. | Allowance per person | |
| b1. | Number of persons | | b2. | Number of persons | |
| c1. | Subtotal | | c2. | Subtotal | $ |

| 20A | **Local Standards: housing and utilities; non-mortgage expenses.**  Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ |
|---|---|---|

| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** | | |
|---|---|---|---|
| | a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ |
| | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a. | $ |

| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |
|---|---|---|

| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8.<br><br>☐ 0  ☐ 1  ☐ 2 or more.<br><br>If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
|---|---|---|

| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for you public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
|---|---|---|

| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br><br>☐ 1  ☐ 2 or more.<br><br>Enter, in Line a below,  the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | | |
|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs | $ |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $ |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $ |

| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24.  **Do not enter an amount less than zero.** | | |
|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs | $ |
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $ |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $ |

| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ |
|---|---|---|

B22A (Official Form 22A) (Chapter 7) (04/13)                                                                                                 5

| 26 | **Other Necessary Expenses: involuntary deductions for employment.**  Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ |
| 27 | **Other Necessary Expenses: life insurance.**  Enter total average monthly premiums that you actually pay for term life insurance for yourself.  **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |
| 28 | **Other Necessary Expenses: court-ordered payments.**  Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments.  **Do not include payments on past due obligations included in Line 44.** | $ |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.**  Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 30 | **Other Necessary Expenses: childcare.**  Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ |
| 31 | **Other Necessary Expenses: health care.**  Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ |
| 32 | **Other Necessary Expenses: telecommunication services.**  Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service - to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ |
| 33 | **Total Expenses Allowed under IRS Standards.**  Enter the total of Lines 19 through 32. | $ |

| | **Subpart B: Additional Living Expense Deductions**<br>**Note: Do not include any expenses that you have listed in Lines 19-32** | |
|---|---|---|

| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.**  List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents.<br><br>| a. | Health Insurance | $ |<br>| b. | Disability Insurance | $ |<br>| c. | Health Savings Account | $ |<br><br>Total and enter on Line 34.<br><br>**If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below:<br>$_____ | $ |
| 35 | **Continued contributions to the care of household or family members.**  Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ |
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 37 | **Home energy costs.**  Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs.  **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 38 | **Education expenses for dependent children less than 18.**  Enter the total average monthly expenses that you actually incur, not to exceed $156.25[*] per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |

[*]  Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B22A (Official Form 22A) (Chapter 7) (04/13) 6

| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40 | $ |

### Subpart C: Deductions for Debt Payment

| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60.  If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. | |
| | | $ |

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
| --- | --- | --- | --- | --- |
| a. | | | $ | ☐yes ☐no |
| | | | Total: Add Lines | |

| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | |

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
| --- | --- | --- | --- |
| a. | | | $ |
| | | | Total: Add Lines |
| | | | $ |

| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.** | $ |
| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | |

| a. | Projected average monthly chapter 13 plan payment. | $ |
| --- | --- | --- |
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x |
| c. | Average monthly administrative expense of chapter 13 case | Total: Multiply Lines a and b |

| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $ |

### Subpart D: Total Deductions from Income

| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $ |

### Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION

| 48 | **Enter the amount from Line 18** (Current monthly income for § 707(b)(2)) | $ |
| 49 | **Enter the amount from Line 47** (Total of all deductions allowed under § 707(b)(2)) | $ |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result. | $ |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ |

| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed. ☐ **The amount on Line 51 is less than $7,475**\*. Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI. ☐ **The amount set forth on Line 51 is more than $12,475\*** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII.  You may also complete Part VII. Do not complete the remainder of Part VI. ☐ **The amount on Line 51 is at least $7,475\*, but not more than $12,475\*.** Complete the remainder of Part VI (Lines 53 through 55). | |
| 53 | **Enter the amount of your total non-priority unsecured debt** | $ |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ |
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed. ☐ **The amount on Line 51 is less than the amount on Line 54.**  Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. ☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.**  Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII.  You may also complete Part VII. | |

### Part VII. ADDITIONAL EXPENSE CLAIMS

| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I).  If necessary, list additional sources on a separate page.  All figures should reflect your average monthly expense for each item.  Total the expenses. |

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| d. | | $ |
| | Total:  Add Lines a, b, c, and d | $ |

### Part VIII. VERIFICATION

| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct.  *(If this is a joint case, both debtors must sign.)* Date:  __March  7, 2014__                    Signature:  __/s/ Karen Sue Blair__ Karen Sue Blair *(Debtor)* |

---

\* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.